```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                                    06 Civ. 5484 (WCC)
RICHARD P. NEIMARK,                       :
                                                      ECF CASE
                 Plaintiff,               :

       - against -                        :         OPINION
                                                    AND ORDER
RONAI & RONAI, LLP,                       :

                 Defendant.               :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                            COFFINAS & COFFINAS, L.L.P.
                                            **Attorneys for Plaintiff**
                                            275 Madison Avenue
                                            New York, New York  10016

GEORGE G. COFFINAS, ESQ.

       Of Counsel

                                            RONAI & RONAI, LLP
                                            **Attorneys for Defendant**
                                            199 Main Street
                                            White Plains, New York 10601

HOLLY OSTROV RONAI, ESQ.

       Of Counsel

**Copies E-Mailed to Counsel of Record**

**CONNER, Sr. D.J.:**

Plaintiff Richard P. Neimark brings this action against the law firm of Ronai & Ronai, LLP for copyright infringement pursuant to 17 U.S.C. § 501 and unfair competition pursuant to 15 U.S.C. § 1125(a). Plaintiff alleges that he owns the copyright in a certain cartoon drawing that defendant displayed on its website. Defendant contends, however, that plaintiff's copyright is not valid and therefore moves for summary judgment pursuant to FED. R. CIV. P. 56. For the following reasons, defendant's motion is denied.

## BACKGROUND

The relevant facts are undisputed. Plaintiff is an attorney licensed to practice law in the State of New York. His practice is devoted to personal injury law and is operated out of New City, New York. (*See* Complt. ¶¶ 6-7, 11.) Defendant is a personal injury law firm owned and operated by Peter Ronai and Holly Ostrov Ronai, both of whom are licensed to practice law in New York, with offices in White Plains, New York and Manhattan. (*See id.* ¶¶ 8-10, 12; http://www.ronaiandronai.com.)

Over the years, plaintiff has advertised his law practice using a cartoon drawing of a hospital patient fully bandaged lying in a hospital bed with one leg elevated by a sling (the "Drawing"). (*See* Complt. ¶ 13, Ex. A.) He first published the Drawing on July 1, 1988 and again in 1989 in the Rockland County Yellow Pages. (*See id.*, Ex. C; H. Ronai Decl., Exs. A, B; Pl. Mem. Opp. Summ. J. at 2.) The Drawing bore no copyright notice in either publication. (*See* H. Ronai Decl., Exs. A, B; Pl. Mem. Opp. Summ. J. at 2.)

On January 30, 1990, plaintiff registered the Drawing with the United States Copyright

Office and received a Certificate of Copyright Registration. (*See* Complt., Ex. C.) Plaintiff thereafter placed advertisements that featured the Drawing in the Rockland County Yellow Pages in 1990, 1991, 1992 and 1993. (*See* Pl. Mem. Opp. Summ. J. at 2; H. Ronai Decl., Ex. C; H. Ronai Reply Decl., Ex. 1.) In contrast to the 1988 and 1989 advertisements, the 1990, 1991 and 1992 advertisements contained a copyright symbol, *i.e.*, "©," at the lower left corner of the page, but did not indicate the year of first publication or the name of the copyright owner. (*See* H. Ronai Decl., Ex. C; H. Ronai Reply Decl., Ex. 1.) The copyright notice in the 1993 advertisement consisted of the copyright symbol, the date and plaintiff's name. (*See* H. Ronai Reply Decl., Ex. 1.) Plaintiff presently displays the Drawing on each page of his website. *See* http://www.neimarklaw.com. Each copy contains the copyright symbol accompanied by the date of publication and his name, except for the copy on the homepage, which contains no notice at all. *See id.* The copies of the Drawing on plaintiff's website differ slightly from the copies in the Yellow Page advertisements in that they contain a medical chart at the foot of the hospital bed that reads, "Rx Call Neimark," while the latter contain a chart with five rows, eight columns and several check marks. *See id.*

At some point prior to August 17, 2006, a cartoon drawing substantially identical to the one found on plaintiff's website appeared on the last page of defendant's website. (*See* Complt. ¶ 25; H. Ronai Decl., Ex. D.) Instead of the inscription "Rx Call Neimark," the drawing on defendant's website featured a medical chart that read, "Call Ronai & Ronai." (*See* Complt., Ex. B; H. Ronai Decl., Ex. D.) Defendant claims that it hired a college student to create its website and that his whereabouts are currently unknown. (*See* Def. Reply Mem. Supp. Summ. J. at 5.)

On August 17, 2006, plaintiff served defendant with the Summons and Complaint in the instant action. Defendant immediately removed the image from its website and unsuccessfully

attempted to resolve the matter with plaintiff's counsel. On November 3, 2006, this Court held a pre-motion conference and granted defendant permission to file the present motion for summary judgment.

## DISCUSSION

**I.  Standard of Review**

Under FED. R. CIV. P. 56, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). The burden rests on the movant to demonstrate the absence of a genuine issue of material fact; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and, in deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. *See Anderson*, 477 U.S. at 255. Nevertheless, to defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[S]ummary judgment should only be granted '[i]f *after discovery*, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."'" *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (quoting *Celotex Corp.*, 477 U.S. at 323) (emphasis in original; alterations in original).

## II. Copyright Infringement

In order to establish a claim for copyright infringement under 17 U.S.C. § 501, a plaintiff must show that: (1) he owns the copyrights in the work at issue;[1] (2) the copyright has been registered in accordance with the statute;[2] and (3) the defendant copied constituent elements of the work that are original.[3] *See Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997) (citing *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 191 F. Supp. 2d 343, 349 (S.D.N.Y. 2001). The issuance of a certificate of registration for a copyright "is prima facie evidence that the copyright is valid." *Fonar*, 105 F.3d at 104; *see also Chere Amie*, 191 F. Supp. 2d at 349. Because plaintiff registered the copyright with the United States Copyright Office and is in possession of a Certificate of Copyright Registration, he has satisfied the first two elements. As to the third element, the parties do not dispute that the cartoon on defendant's website was copied from plaintiff's website and that the two are substantially identical. Accordingly, plaintiff has established a *prima facie* case for copyright infringement.

As an affirmative defense to plaintiff's *prima facie* case, defendant contends that plaintiff

---

[1] *See* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.").

[2] *See* 17 U.S.C. § 411(a) ("Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").

[3] In order to satisfy the third element, a plaintiff must establish that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work. *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001); *Vanlines.com LLC v. Net-Marketing Group Inc.*, No. 06 CIV. 5577, 2007 WL 1345205, at *2 (S.D.N.Y. May 7, 2007).

first published the Drawing without a copyright notice in 1988 – prior to the enactment of the Berne Convention Implementation Act of 1988 (the "Berne Convention"), which obviated the requirement of a copyright notice – and, consequently, injected the Drawing into the public domain and thus forfeited his exclusive copyright in it.  Defendant is correct that works published without a copyright notice prior to the enactment of the Berne Convention on March 1, 1989 are injected into the public domain and thus lose any copyright protection to which they might otherwise have been entitled. *See Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69, 72 (2d Cir. 1985) (citing 17 U.S.C. § 405(a) (1982); 2 M. Nimmer, *Nimmer on Copyright* § 7.14[A] (1984)); *Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs., Inc.*, 871 F. Supp. 709, 720 (S.D.N.Y. 1995); *Greenwich Film Productions, S.A. v. DRG Records, Inc.*, No. 91 Civ. 0546, 1992 WL 279357, at *5 (S.D.N.Y. Sept. 25, 1992) ("For works published prior to March 1, 1989, the effective date of the Berne Implementation Amendments, notice is a condition to protection of the work. Absent notice, the work is forfeited and enters, by operation of law, the public domain."); *Disenos Artisticos E Industriales, S.A. v. Work*, 676 F. Supp. 1254, 1260 (E.D.N.Y. 1987).  Here, the parties do not dispute that plaintiff initially published the Drawing prior to the enactment of the Berne Convention without a copyright notice, thereby putting the image into the public domain.

Plaintiff contends, however, that he cured this omission by complying with 17 U.S.C. § 405(a)(2) which provides:

> With respect to copies and phonorecords publicly distributed by authority of the copyright owner before the effective date of the Berne Convention Implementation Act of 1988, the omission of the copyright notice described in sections 401 through 403 from copies or phonorecords publicly distributed by authority of the copyright owner does not invalidate the copyright in a work if []. . . registration for the work has been made before or is made within five years after the publication without notice, and a reasonable effort is made to add notice to all copies or phonorecords

5

that are distributed to the public in the United States after the omission has been discovered . . . .

When the conditions of § 405(a)(2) are satisfied, the omission of notice is cured and "the copyright is valid from the moment the work was created, just as if no omission had occurred." *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 193 (2d Cir. 1985) (Friendly, J.). As Judge Friendly explained:

> In effect, § 405(a)(2) allows a person who publishes a copyrightable work without notice to hold a kind of incipient copyright in the work for five years thereafter: if the omission is cured in that time through registration and the exercise of a "reasonable effort . . . to add notice to all copies . . . that are distributed to the public in the United States after the omission has been discovered," the copyright is perfected and valid retroactively for the entire period after cure; if the omission is not cured in that time, the incipient copyright never achieves enforceability.

*Id.* at 193-94.

Defendant contends, however, that plaintiff deliberately omitted the copyright notice from the Drawing's initial publication, and that § 405(a)(2) does not apply to such omissions. Although defendant's argument is consistent with certain authority, including the works of Professor Melville B. Nimmer, the law in this Circuit is clear: deliberate omissions are curable under § 405(a)(2). *See Hasbro Bradley*, 780 F.2d at 196; *House of Hatten, Inc. v. Baby Togs, Inc.*, 668 F. Supp. 251, 256 (S.D.N.Y. 1987); *accord Charles Garnier, Paris v. Andin Int'l, Inc.*, 36 F.3d 1214, 1220-22 (1st Cir. 1994); *O'Neill Devs. Inc. v. Galen Kilburn, Inc.*, 524 F. Supp. 710, 715 (N.D. Ga. 1981). The Second Circuit reasoned that the statute itself does not restrict its application to unintentional omissions and the legislative history "affords ample demonstration that Congress intended to bring deliberate omissions within the ambit of § 405(a)(2)." *Hasbro Bradley*, 780 F.2d at 195; *see* H.R. REP. NO. 94-1476, at __ (1976), U.S.C.C.A.N. 5659, 5763, *reprinted in* 17 U.S.C.A. § 405 Historical

Note ("Under the proposed law, a work published without any copyright notice will still be subject to statutory protection for at least 5 years, whether the omission was partial or total, unintentional or deliberate."). Judge Friendly noted that:

> While there may be some difficulties in determining what constitutes "a reasonable effort to add notice to all copies . . . that are distributed to the public in the United States after the omission has been discovered" *in cases where the omission was intentional and the person attempting to cure is the same person who omitted notice*, . . . these difficulties are by no means insuperable and constitute no sufficient reason for disregarding the declared legislative intent.

*Hasbro Bradley*, 780 F.2d at 196 (emphasis added).[4]  Because § 405(a)(2) undoubtedly applies to deliberate and inadvertent omissions alike, we must now address whether plaintiff complied with its curative provisions.

As noted *supra*, to cure an omission, a prospective copyright owner must register the work with the United States Copyright Office within five years after the publication without notice, and make "a reasonable effort to add notice to all copies . . . that are distributed to the public in the United States after the omission has been discovered." 17 U.S.C. § 405(a)(2).  Because it is

---

[4] Professor Nimmer criticized Judge Friendly's analysis, writing:
> [T]he opinion [of *Hasbro Bradley*] fails to explain how a person who both intentionally omits copyright notice and later seeks relief under this section can satisfy the statutory requirement of "a reasonable effort . . . to add notice to all copies or phonorecords that are distributed to the public in the United States after the omission has been discovered," having failed in the interim to make *any* effort to affix proper notice to copies distributed within the United States.  Taking note of this problem, the opinion simply dismisses it as "by no means insuperable and . . . no sufficient reason for disregarding the declared legislative intent."  It is submitted, to the contrary, that absent a direct resolution of how the reasonable effort requirement of the statute is to be given content in such a setting, the statutory language must be adhered to in preference to the legislative history.  The *Hasbro Bradley* ruling empties that statutory requirement of any content, and thus, is to be disfavored.

2 Nimmer § 7.13[B][3] at 7-131 to 7-132 (1999) (emphasis in original; internal footnotes omitted).

undisputed that plaintiff registered his work within five years after the publication without notice,[5] the sole issue is whether plaintiff's efforts to place copyright notices on all copies of the Drawing after discovery of the original omission were "reasonable" within the meaning of § 405(a). *See Shapiro & Son Bedspread*, 764 F.2d at 73. In order to determine whether plaintiff made a reasonable effort to add notice to all copies that were distributed to the public *after the omission had been discovered*, we must first ascertain when plaintiff actually discovered the omission.[6] In the present case, however, it is of little consequence whether plaintiff is considered to have discovered the omission at the time of the first publication of the work, *see Shapiro & Son Bedspread*, 764 F.2d at 74 n.5 (citing *Beacon Looms*, 552 F. Supp. 1305; 2 Nimmer § 7.13[B][3] (1984)), or at the time he actually realized that a copyright notice was required, *see Garnier, Paris*, 36 F.3d at 1221, because, in either instance, we are unable to conclude as a matter of law that plaintiff failed to make a reasonable effort to cure the omission.

"[T]he fundamental inquiry [is] whether the efforts undertaken in a given case, viewed as a whole, were 'reasonable.'" *Shapiro & Son Bedspread*, 764 F.2d at 75; *see also Princess Fabrics,*

---

[5] Plaintiff published the Drawing without notice in 1988 and registered it with the Copyright Office in 1990.

[6] Some take the position that when the omission is deliberate, discovery occurs at the time of the omission. *See, e.g.*, 2 Nimmer § 7.13[B][3] at 7-127 to 7-128 ("If such omission was deliberate, it must be immediately known (or 'discovered'), and hence, the deliberate omission of notice from any subsequent copies or phonorecords would constitute a failure to use 'a reasonable effort' to add the notice to such subsequent copies or phonorecords.") (internal footnote omitted); *Beacon Looms, Inc. v. S. Lichtenberg & Co.*, 552 F. Supp. 1305, 1310 (S.D.N.Y. 1982) ("Simply put, one cannot 'discover' an omission that has been deliberate."), *overruled on related grounds*, *Hasbro Bradley*, 780 F.2d 189. This position necessarily imputes an unduly restrictive meaning to "discovery." For example, a deliberate omission can occur when a person fails to include a copyright notice either because he did not know one was required under the law or he simply forgot to include one. *See, e.g.*, *Garnier, Paris*, 36 F.3d at 1221. Obviously, these sorts of omissions can be discovered after the actual omission.

*Inc. v. CHF, Inc.*, 922 F.2d 99, 103, 104-05 (2d Cir. 1990). This is a factual question, and may be resolved on a motion for summary judgment only when "*no* effort is made to add proper notice to copies distributed to the public after the defective notice is discovered . . . ." *Shapiro & Son Bedspread*, 764 F.2d at 73 (emphasis in original). "When . . . *some* effort is made, the question whether it was 'reasonable' is one of fact[]" not capable of determination by this Court as a matter of law. *Shapiro & Son Bedspread*, 764 F.2d at 73 (emphasis added); *see also Princess Fabrics*, 922 F.2d at 103.

In the present case, plaintiff caused the distribution of the Drawing without a copyright notice to countless individuals in 1988 and 1989. In 1990, however, he registered the Drawing with the United States Copyright Office and received a Certificate of Copyright Registration. Thereafter, plaintiff added notices to copies of the Drawing that appeared in the Yellow Pages in 1990, 1991, 1992 and 1993. Although the notices affixed to the Drawing featured in the 1990, 1991 and 1992 advertisements were incomplete, the notice in the 1993 drawing was proper. Moreover, at present, plaintiff's website appears to contain eight copies of the Drawing, all of which contain a proper copyright notice, except for the copy located on the homepage, which contains no notice at all.[7] Because plaintiff has clearly exerted some effort to cure his initial omission of a copyright notice from copies of the Drawing, summary judgment on the issue of whether he complied with the "reasonable effort" requirement of § 405(a)(2) is inappropriate. *See Jewelry 10, Inc. v. Elegance*

---

[7] Any suggestion by defendant that plaintiff should be required to correct the omission in connection with the advertisements in 1988 or 1989 is unreasonable. The advertisements were featured in the Rockland County Yellow Pages, which were presumably distributed to the appropriate County residents. *See Shapiro & Son Bedspread*, 764 F.2d at 73-74 ("A fair reading of [§ 405(a)(2)] indicates that it covers *all* copies bearing defective notice at the time the defect is discovered, and which have not yet been distributed to the public – that is, all those copies which are distributed to the public after the defect is discovered.").

9

*Trading Co.*, No. 88 Civ. 1320, 1991 WL 144151, at *3 (S.D.N.Y. July 20, 1991) ("Where, as in this case, *some* effort was made to add proper notice to works distributed after the omission of copyright notice was discovered, the question of whether such effort was 'reasonable' is one of material fact precluding summary judgment.") (emphasis in original); *Mfrs. Techs., Inc. v. Cams, Inc.*, 706 F. Supp. 984, 999 (D. Conn. 1989) ("No efforts were made to correct those . . . brochures previously sent out.  However, there was testimony . . . that the latest version of these brochures does contain a copyright notice and that other materials distributed in the . . . packets did contain copyright notices.  Whether this corrective effort was reasonable to effect a cure of the omission is a question of fact."); *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 730 F. Supp. 1165, 1183-84 (D. Mass. 1989) ("First, it argues that the reasonableness of an effort to cure is a question of material fact, and is in itself sufficient to avoid the imposition of summary judgment. As a matter of law, that is correct, and is . . . dispositive of this issue.").  Accordingly, defendant's motion for summary judgment on plaintiff's copyright infringement claim is denied.

It must be noted, however, that even if plaintiff were to prove at trial infringement of a valid copyright, his recovery would be *de minimis*.  Thus far, no evidence suggests any actual damages as a result of the infringement, particularly in light of the fact that only one copy of the Drawing appeared on the last page of defendant's website and defendant removed it immediately upon learning of the alleged infringement.  Although the Copyright Act allows a plaintiff to seek statutory damages, such damages may be as low as $750 and, moreover, "the court in its discretion may reduce the award of statutory damages to a sum of not less than $200" where the defendant "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright . .

. . ."[8] *See* 17 U.S.C. § 504(c)(1), (2). Therefore, the parties are urged to consider settlement of this action by consent to a permanent injunction against further infringement plus a modest cash payment.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is denied.

SO ORDERED.
Dated: White Plains, NY
       May 25, 2007

*William C. Conner* (signature)
Sr. United States District Judge

---

[8] *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 342 (1998) (holding that the Seventh Amendment to the United States Constitution affords litigants the right to a jury determination of the amount of statutory damages under 17 U.S.C. § 504(c)).

11